# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. NEWGENT,<br><br>                  Plaintiff,<br>vs.<br>WELLS FARGO BANK, N.A., et al.,<br><br>                  Defendant. | CASE NO. 09cv1525 WQH (WMc)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 9).

## BACKGROUND

    On March 11, 2009, Plaintiff Susan E. Newgent filed a complaint against Defendants in California Superior Court for the County of Imperial (Doc. # 1 at 2). On July 14, 2009 Wells Fargo removed to this Court (Doc. # 1). On July 20, 2009, Wells Fargo filed a Motion to Dismiss (Doc. # 4). On September 4, 2009, Plaintiff filed her First Amended Complaint (Doc. # 6). The Court dismissed Wells Fargo's Motion to Dismiss as moot (Doc. # 13). Wells Fargo filed its Motion to Dismiss Plaintiff's First Amended Complaint on September 14, 2009 (Doc. # 9). The Court heard oral argument in the case on October 19, 2009.

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

Plaintiff purchased real property in Imperial County, California (Doc. # 6 at 1). Plaintiff and her former husband obtained a mortgage from Wells Fargo (Doc. # 6 at 2). Plaintiff and her former husband divorced on January 1, 2005 and Plaintiff subsequently acquired title to the property through a quit claim deed (Doc. # 6 at 2). Plaintiff's former husband stopped paying child support, leaving Plaintiff unable to pay her mortgage (Doc. # 6 at 2). Plaintiff stopped paying her mortgage in March of 2008 (Doc. # 6 at 2). Plaintiff attempted to obtain a loan modification, which Wells Fargo denied because she did not have a job or steady source of income (Doc. # 6 at 2). In October of 2008, after Plaintiff remarried and her financial situation changed, she contacted Wells Fargo again seeking a loan modification (Doc. # 6 at 2). However, Defendant denied her application using her income information from before she had remarried (Doc. # 6 at 3). When Plaintiff informed Wells Fargo that it had used her old income information instead of taking into consideration her new circumstances, Wells Fargo denied ever receiving that information (Doc. # 6 at 3). In late October, Plaintiff received notice that her property would be sold in a Trustee's Sale (Doc. # 6 at 3).

On October 23, 2008, Plaintiff contacted Wells Fargo and spoke with "Susie" who told Plaintiff that if she submitted a payment of $2,500.77, the sale of the property would not take place (Doc. # 6 at 3). Plaintiff submitted the payment, but Wells Fargo proceeded with the Trustee's Sale (Doc. # 6 at 3). Wells Fargo then sued Plaintiff for Unlawful Detainer, which resulted in Plaintiff being removed from the property (Doc. # 6 at 3).

Plaintiff alleges nine claims for relief: (1) Intentional Misrepresentation; (2) Conversion; (3) Breach of Fiduciary Duty; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Declaratory Relief; (6) Quiet Title; (7) Equitable and Promissory Estoppel; (8) Violation of the Equal Credit Opportunity Act; and (9) Violation of the Fair Credit Reporting Act ("FCRA").

Wells Fargo moved to dismiss all of Plaintiff's claims (Doc. # 9). Plaintiff conceded

in her response that dismissal is appropriate as to her Third Claim for Breach of Fiduciary Duty, her Fourth Claim for Breach of the Covenant of Good Faith and Fair Dealing, and her Eight Claim for Violation of the Equal Credit Reporting Act (Doc. # 10 at 2-3).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**ANALYSIS**

**A.      Motion to Dismiss**

       (1)      Intentional Misrepresentation

Plaintiff alleges she sent the check to Wells Fargo for $2,500.77 in reliance on Wells Fargo's agent's representation that it would refinance the property if she made the payment (Doc. # 6 at 4). She claims Wells Fargo had a fiduciary duty to her to "be truthful and look out for her best interests" (Doc. # 6 at 4). She alleges she would not have made the payment if she had known the property would have been sold despite the payment (Doc. # 6 at 4). Plaintiff alleges she suffered "severe emotional distress in an amount in excess of $500,000" (Doc. # 6 at 5). Plaintiff alleges Wells Fargo's conduct was "carried out in a despicable, deliberate, cold, callus and intentional manner thereby entitling Plaintiff to recover punitive damages from [Wells Fargo] in an amount according to proof" (Doc. # 6 at 5).

Wells Fargo contends Plaintiff's Claim for Intentional Misrepresentation must be dismissed because it is barred by the statute of frauds, fails to allege the necessary elements to state a claim, improperly asserts the existence of a fiduciary duty, and fails to provide the level of specificity required by Federal Rule of Civil Procedure 9(b). Plaintiff responds that the statute of frauds is not a defense because "[t]he underlying basis for this lawsuit is the theory of promissory estoppel contained in the Seventh Claim for relief" (Doc. # 10 at 3).

To state a claim for fraud under California law, the plaintiff must allege "a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance on the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 72-23 (1990). Plaintiff has failed to allege the necessary elements of fraud under California law. Plaintiff alleged that the representation that Wells Fargo would renegotiate her loan if she made a $2,500.77 payment was false, but does not allege that "Susie" was aware that it was false nor does she allege intent to defraud (*see* Doc. # 6 at 4-5). Plaintiff claims she justifiably relied on Wells Fargo's agent's statement because Wells Fargo had a fiduciary duty to her "to be truthful and look out for her best interests," a position contrary to California law (*see* Doc. # 6 at 4). Under California law,

1 "[i]t has long been regarded as axiomatic that the relationship between . . . .a debtor and a
2 creditor" does not create a fiduciary duty. *Price v. Wells Fargo*, 213 Cal. App. 3d 465, 476
3 (1989). Plaintiff also fails to allege facts to support her claim for "damage resulting from" her
4 reliance on the allegedly fraudulent statement. Plaintiff alleged $500,000 in emotional
5 damages without providing any explanation of how Wells Fargo's action caused her emotional
6 distress (*see* Doc. # 6 at 4-5). The Court concludes that the Complaint fails to state a claim for
7 Intentional Misrepresentation against Wells Fargo.

8   (2) Conversion

9   Plaintiff alleges she demanded that Wells Fargo return her payment for $2,500.77 when
10 she learned that the payment would not allow her to negotiate refinancing her mortgage (Doc.
11 # 6 at 5). Plaintiff alleges she had "a right to the possession" of the payment and that Wells
12 Fargo wrongfully converted those funds when it cashed the check (Doc. # 6 at 5). Plaintiff
13 alleges she suffered "economic damages in excess of $500,000" and "severe emotional distress
14 in an amount in excess of $500,000" (Doc. # 6 at 5). Plaintiff alleges Wells Fargo's conduct
15 was "carried out in a despicable, deliberate, cold, callus and intentional manner thereby
16 entitling Plaintiff to recover punitive damages from [Wells Fargo] in an amount according to
17 proof" (Doc. # 6 at 6).

18   Wells Fargo contends Plaintiff's Claim for Conversion should be dismissed because
19 Plaintiff concedes that she owed Wells Fargo money (Doc. # 9 at 14). Plaintiff asserts in her
20 response that the payment was not a mortgage payment, but rather a payment based on a
21 "separate agreement" with Wells Fargo to pay $2,500.77 in exchange for the opportunity to
22 stop the Trustee's Sale and renegotiate the loan (Doc. # 10 at 5). Plaintiff did not allege a
23 separate agreement in her complaint (*see* Doc. # 6 at 5-6).

24   "To establish a conversion, plaintiff must establish an actual interference with his
25 ownership or right of possession. . . ." *Moore v. Regents of University of California*, 51 Cal.
26 3d 120, 136 (Cal. 1990) (citation omitted). Plaintiff alleges she wrote a check to Wells Fargo
27 (Doc. # 6 at 1-2). Plaintiff concedes that Wells Fargo was her mortgage lender and that she
28 owed Wells Fargo additional money to repay her loan (Doc. # 6 at 2). Alleging Wells Fargo

accepted a payment yet conceding that Plaintiff owed the payment cannot be the basis of a conversion claim against Wells Fargo. The Court concludes that the Complaint fails to state a claim for Conversion against Wells Fargo.

(3)   Breach of Fiduciary Duty

Plaintiff has conceded this claim was not properly plead (Doc. # 10 at 1). Therefore, the Court will not address it.

(4)   Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff has conceded this claim was not properly plead (Doc. # 10 at 1-2). Therefore, the Court will not address it.

(5) Declaratory Relief

Plaintiff alleges that she is entitled to "retain possessory rights[1] to the property based on [Wells Fargo's] promise to cease the sale of the property" and seeks a "judicial determination and declaration of the rights of the parties" (Doc. # 6 at 8). Wells Fargo contends Plaintiff's claim for Declaratory Relief fails to state a claim because she has not alleged that she offered tender (Doc. # 9 at 16-17). Plaintiff "contends she is able to retain possessory rights to the property based on Defendant's promise to cease the sale of the property" and seeks a judicial determination that she retains such rights. In her response, Plaintiff concedes that "recision requires tender" but states she is not seeking recision of the mortgage, only that the sale be set aside (Doc. # 9 at 6).

Plaintiff's complaint makes clear that what she seeks is a judicial determination that she may regain possession of her house, a remedy that would require recision not of her original mortgage but of the subsequent Trustee's Sale. Plaintiff is seeking recision and correctly concedes that she cannot do so without tender. *See Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (Cal. App. 2d Dist. 1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt . . . ."). Because Plaintiff has not alleged that she offered

---

[1] This claim is plead as if the Trustee's Sale had not yet taken place, but in fact, it is clear from other parts of the complaint Plaintiff's home was sold in a Trustee Sale in late October of 2008 (*see* Doc. # 6 at 3).

1  tender, the Court concludes that the Complaint fails to state a claim for declaratory relief
2  against Wells Fargo.
3      (6) Quiet Title
4      Plaintiff alleges Wells Fargo's claim to the property "is void based on [Wells Fargo's]
5  purposeful misrepresentation to Plaintiff that by paying $2,500.77 to [Wells Fargo], the
6  Trustee's Sale would cease and a loan modification be created" (Doc. # 6 at 9). Plaintiff seeks
7  to quiet title (Doc. # 6 at 9).
8      Wells Fargo contends Plaintiff's claim for Quiet Title suffers from the same deficiency
9  as her claim for Declaratory Relief—she failed to allege an offer of tender in a claim which
10 seeks to set aside the trustee sale. Because Plaintiff has not alleged that she offered tender, the
11 Court concludes that the Complaint fails to state a claim for quiet title against Wells Fargo.
12 *See Arnolds Management Corp.*, 158 Cal. App. 3d at 578 ("It is settled that an action to set
13 aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an
14 offer to pay the full amount of the debt . . . .").
15     (7)  Equitable and Promissory Estoppel
16     Plaintiff alleges she reasonably relied on Wells Fargo's agent's statement that her
17 payment would stop the Trustee's Sale, resulting in her being deprived of the $2,500.77 and
18 of the property (Doc. # 6 at 9). Plaintiff alleges that she is therefore "entitled to special
19 damages and general damages" as well as attorney's fees (Doc. # 6 at 9).
20     Wells Fargo contends Plaintiff's Estoppel claims are deficient because Plaintiff fails to
21 show detrimental reliance, the statute of frauds bars her claim, and her reliance was not
22 reasonable (Doc. # 9 at 9-11). Plaintiff contends in her response that she "would not have sent
23 the check" and "did not take any legal action to stop the sale," which shows detrimental
24 reliance, that estoppel defeats the statute of frauds, and that reliance was reasonable because
25 "Susie" is an agent of Wells Fargo (Doc. # 10 at 4-6)
26     "[D]etrimental reliance is an essential feature of promissory estoppel." *Healy v.*
27 *Brewster*, 59 Cal. 2d 455, 463 (Cal. 1963). Plaintiff's only allegation of detrimental reliance
28 in her complaint is that she sent in a payment for $2,500.77 in reliance on the promise to

renegotiate her loan (Doc. # 6 at 9). As Wells Fargo points out, Plaintiff was already obligated to make payments on her mortgage. The reliance was therefore not detrimental. Plaintiff also fails to properly plead reasonable reliance, another required element of estoppel. *See Thomson v. International Alliance of Theatrical Stage Employees*, 232 Cal.2d 446, 454 (1965). Plaintiff's only assertion that her reliance was reasonable is that "Plaintiff was justified in her reliance upon the representation, as WELLS FARGO had a fiduciary duty to her to be truthful and to look out for her best interests" (Doc. # 6 at 4). However, Wells Fargo does not have a fiduciary duty to Plaintiff. *See Price v. Wells Fargo*, 213 Cal. App. 3d 465, 476 (1989). Because Plaintiff has not alleged detrimental reliance and reasonable reliance, the Court concludes that the Complaint fails to state a claim for equitable or promissory estoppel against Wells Fargo.

(8) Violation of the Equal Credit Opportunity Act

Plaintiff has conceded this claim was not properly plead (Doc. # 10 at 1-2). Therefore, the Court will not address it.

(9) Violation of the Fair Credit Reporting Act

Plaintiff alleges Wells Fargo violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. (Doc. # 6 at 10). The alleged violations are failure to provide credit scores, failure to provide Notice to Home Loan Application, failure to provide Notices of Adverse Action, failure to provide Risk-Based Pricing Notice, and failure to make Investigative Consumer Report Disclosure (Doc. # 6 at 11). Plaintiff alleges she is entitled to "rescind the loan transaction" and recover the money previously paid to Wells Fargo (Doc. 6 at 11).

Wells Fargo contends Plaintiff's claim for violation of the FCRA fails to state a claim because it fails to offer tender of the money Plaintiff received from Wells Fargo and fails to allege that Plaintiff notified the credit reporting agencies (Doc. # 9 at 18-20). Plaintiff concedes that tender would be required in order to get recision, but states that her FCRA claim does not in fact seek recision (Doc. # 10 at 11). However, this is in fact what Plaintiff explicitly requests in her FCRA claim: "Plaintiff are informed and believe, and thereon allege,

that as a result of the conduct of defendants, Plaintiff are entitled to rescind the loan transaction . . . ." (Doc. # 6 at 11). Plaintiff has conceded that her FCRA claim is defective because it seeks recision of the loan and "[j]udgment that Plaintiff is the owner in fee simple of the property and defendants have no interest in the property" without offering tender (*see* Docs. # 6 at 12, # 10 at 6). The Court therefore concludes Plaintiff has failed to state a claim for a violation of the FCRA.

**B.     Leave to Amend**

Plaintiff requests leave to amend to Complaint, "in the event the Motion to Dismiss is granted" as to all but the Eighth Claim (Doc. # 9 at 1-2). The request for leave to amend is granted. Plaintiff may file an amended complaint within 14 days.

## CONCLUSION

The Motion to Dismiss First Amended Complaint (Doc. # 9) is **GRANTED**. Plaintiff's request for leave to amend is **GRANTED**. Plaintiff may file an amended complaint with in 14 days of the date of this order.

DATED: October 20, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge